Natalie COHEN, David Cohen and Stanley Cohen, Plaintiffs-Appellants,

v.

Marion KINDLON, Defendant-Appellee.

No. 96, Docket 30340.

United States Court of Appeals
Second Circuit.

Argued Sept. 27, 1966.

Decided Oct. 4, 1966.

Harris Birnbaum, New York City, for appellants.

Benjamin H. Siff, New York City (Bower, O'Connor & Taylor, New York City, on the brief), for appellee.

Before MOORE, FRIENDLY and KAUFMAN, Circuit Judges.

PER CURIAM:

On the evening of August 5, 1961, a collision occurred between an automobile owned and operated by appellee Marion Kindlon and an automobile owned by David Cohen and operated by his son Stanley Cohen. Both David Cohen and his wife Natalie were passengers in the car at the time of the accident.

The Cohens sued Mrs. Kindlon and Mrs. Kindlon sued David and Stanley Cohen. The actions were consolidated and tried together. At the close of the evidence the trial court directed the jury to return a special verdict, pursuant to Fed.R.Civ.Pro. 49(a), in the form of answers to two questions: (1) have the Cohens established that Mrs. Kindlon was negligent and that her negligence was the proximate cause of the collision, and (2) has Mrs. Kindlon established that Stanley Cohen was negligent and that his negligence was the proximate cause of the collison. Subquestions on contributory negligence were submitted in the event that either question was answered "yes," but the jury answered both questions in the negative. Judgment was thereupon entered for all defendants. Only the Cohens (appellants) have appealed.

Appellants assign as error several of the trial judge's instructions to the jury, contending especially that the jury could not consistently find both drivers free from negligence. We believe that the trial judge's charge to the jury properly covered the legal issues determinative of the rights of the respective parties and that the jury could consistently answer both submitted questions in the negative.

Nor was there any need for Judge Palmieri to charge the jury that the driver on the right (Cohen) had the right of way. Mrs. Kindlon testified that she was the first to enter the intersection, and her contention is supported by the trooper's testimony that the front of the Cohens' car struck the right side of Mrs. Kindlon's. In these circumstances it was sufficient to charge the jury that both drivers had a continuing duty to observe traffic conditions and to conform to the standards of a reasonable driver under all the circumstances.

Appellants also argue that the trial court committed error in admitting into evidence in connection with Mrs. Kindlon's testimony a sketch depicting the position of the vehicles at the time of the accident. Inasmuch as Mrs. Kindlon was familiar with the area and could testify as to the accuracy of the sketch, it is of no consequence that it was not established who actually drew the sketch.

**764**

The judge correctly advised the jury that the exhibit was offered merely to illustrate in approximate fashion the testimony of Mrs. Kindlon, and that it was for the jury to appraise its probative value. See 3 Wigmore on Evidence §§ 790–91. There was no error in its admission.

Affirmed.